## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| JOSE PEREZ | § | |
|     Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | **CIVIL ACTION NO. _____** |
| | § | |
| DAVID HILL KING AND | § | |
| LEE MARTIN SILVA and | § | |
| NATIONWIDE MUTUAL | § | |
| INSURANCE COMPANY | § | |
|     Defendant. | § | |

## NOTICE OF REMOVAL

Defendants Nationwide Mutual Insurance Company, David Hill King and Lee Martin Silva ("Defendants") file this Notice of Removal of the above-styled action pursuant to 28 U.S.C. §§ 1446(a) and would respectfully represent and show unto this Court the following:

### A. Introduction

1.      Pursuant to Local Rules 3.1 and 81.1, Defendants file their Civil Cover Sheet (Exhibit "A").

2.      On or about April 5, 2017, Plaintiff Jose Perez ("Plaintiff") initiated the state court lawsuit against Defendants David Hill King and Lee Martin Silva in the 134th Judicial District Court of Dallas County, Texas, styled *Jose Perez v. David Hill King and Lee Martin Silva*, pending as Cause No. DC-17-04017 ("the state court action"). In the state court action, Plaintiff seeks actual damages for violations of the Texas Deceptive Trade Practices Act ("DTPA") and violations of the Texas Insurance Code Further, Plaintiff seeks attorneys' fees, treble damages, exemplary damages and 18% interest. *See Plaintiff's Original Petition*, attached hereto as Exhibit "B".

3.     Plaintiff then filed an amended petition in the state court action naming Nationwide Mutual Insurance Company as a Defendant. *See Plaintiff's First Amended Original Petition*, attached hereto as Exhibit "C".

3.     The attorneys involved in the action being removed are listed as follows:

| **Party and Party Type** | **Attorney(s)** |
| --- | --- |
| Jose Perez - Plaintiff | Mark S. Humprheys<br>Texas Bar No. 00789762<br>Mark S. Humphreys, P.C.<br>702 Dalworth Street<br>Grand Prairie, Texas 75050<br>Telephone (972) 263-3722<br>Fax (972) 237-1690 |
| Nationwide Mutual Insurance Company - Defendant | Randall G.  Walters<br>Texas Bar No. 20819480<br>Walters, Balido & Crain, L.L.P.<br>Meadow Park Tower<br>10440 N. Central Expy, Suite 1500<br>Dallas, TX 75231<br>Telephone (214) 749-4805<br>Facsimile: (214) 760-1670<br>Randy.walters@wbclawfirm.com |
| David Hill King - Defendant | Randall G.  Walters<br>Texas Bar No. 20819480<br>Walters, Balido & Crain, L.L.P.<br>Meadow Park Tower<br>10440 N. Central Expy, Suite 1500<br>Dallas, TX 75231<br>Telephone (214) 749-4805<br>Facsimile: (214) 760-1670<br>Randy.walters@wbclawfirm.com |
| Lee Martin Silva - Defendant | Randall G.  Walters<br>Texas Bar No. 20819480<br>Walters, Balido & Crain, L.L.P.<br>Meadow Park Tower<br>10440 N. Central Expy, Suite 1500 |

Dallas, TX 75231
Telephone (214) 749-4805
Facsimile: (214) 760-1670
Randy.walters@wbclawfirm.com

4.      The name and address of the court from which the case is being removed is as follows:

The Honorable Dale Tillery
134th District Court
George L. Allen, Sr. Courts Building
600 Commerce Street, 6th Floor West
Dallas, Texas 75202
214.653.6995

B.  Notice of Removal Timely

5.      Nationwide was served with process and a copy of Plaintiff's suit on August 2, 2017. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty (30) days after receipt by Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based. Consequently, this Notice of Removal is timely.

C.  Complete Diversity

6.      Pursuant to the state court action, Jose Perez is a citizen of the State of Texas, located in Dallas County, Texas.

7.      Defendant Nationwide Mutual Insurance Company is now, and was at all times relevant hereto, a citizen of the state of Ohio, incorporated in the state of Ohio, and having its principal place of business in the state of Ohio.

8.      Defendants David Hill King and Lee Martin Silva are citizens of the State of Texas. However, Nationwide would show that Plaintiff simply filed the present case against King and Silva in a separate action and then subsequently added Nationwide to the case nearly four months later after Judge Kinkeade had already denied a motion to remand of a nearly identical case against Nationwide pending in the Northern District of Texas – Dallas Division titled *Jose*

*Perez v. Nationwide Mutual Insurance Company* pending in Cause No. *3*:16-cv-03502-K. Plaintiff's inclusion of King and Silva in a separate state court case and his efforts to amend his petition to name Nationwide as a defendant are nothing more than an attempt to circumvent Judge Kinkeade's previous order denying Plaintiff's motion to remand/consolidate and an effort to prevent removal of the case to federal court. Defendants would show that for purposes of removal, the citizenship of King and Silva should be disregarded because they have been included in the present case solely for the purpose of defeating diversity of citizenship jurisdiction.

9.      The Fifth Circuit has previously held that a removing party alleging fraudulent joinder must prove either actual fraud in the pleading of jurisdiction facts or, as is applicable in the present case, the Plaintiff's inability to establish a cause of action against the non-diverse party in state court. *Smallwood v. Illinois Cen. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). In *United Energy Group*, the Fifth Circuit clarified *Smallwood* by emphasizing that the federal/*Twombly* pleading standard should apply to this analysis. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016). In fact, the Northern District of Texas has previously denied motions to remand when insurance agents were added to negligent misrepresentation and DTPA suits by way of fraudulent joinder. *Davis v. State Farm Lloyds*, 2015 U.S. Dist. LEXIS 95086 (N.D. Tex. 2015).

10.     Texas law is well settled that, "in most circumstances, an insured may not prevail on a bad faith claim without first showing that the insurer breached the contract." *Liberty Nat. Fire. Ins. Co. v. Akin*, 927 S.W.2d 627, 629 (Tex. 1996); *See Progressive County Mut. Ins. Co. v. Boyd,* 177 S.W.3d 919, 921 (Tex.2005*)* (per curiam) (An extra-contractual claim cannot survive resolution of coverage in favor of the insurer). In the present case, Plaintiff chose not to assert a

breach of contract claim against any Defendant in this case. Although Plaintiff asserted a number of causes of action relating to extra-contractual bad faith by Nationwide, the Texas Supreme Court has consistently held that breach of contract and breach of warranty/bad faith are separate causes of action and must be plead separately in order for both to be decided by the trier of fact. *Southwestern Bell. Tel. Co. v. FDP Corp.*, 811 S.W.2d 572, 576 (Tex. 1991). Because Plaintiff's pleadings fail to include a breach of contract claim, the issue of whether Nationwide breached a contract of insurance with Plaintiff will not be considered by the jury.

11.    As shown above, Plaintiff declined to assert a breach of contract claim against Nationwide. Because the jury will not return a verdict relating to breach of contract by Nationwide, Plaintiff is precluded from recovering damages for extra-contractual violations by Nationwide, King, or Silva or even submitting questions on such issues to the jury. *See Akin*, 927 S.W.2d at 629 (Tex. 1996). As currently plead, Plaintiff's Amended Petition does not allege facts or any valid causes of action which would support recovery by Plaintiff against King or Silva. Plaintiff's inclusion of King and Silva in this case amounts to fraudulent joinder, and their citizenship should not be considered by this Court in determining whether diversity of citizenship exists for purpose of removal.

12.    In light of the foregoing, the parties are of completely diverse citizenship. *See* 28 U.S.C. §§ 1332(a), 1441(b).

13.    Plaintiff's First Amended Petition alleges actual damages, seeks three times the amount of actual damages, and seeks attorneys' fees, interest and exemplary damages. Exhibit " C" at 48-49, 54-55. Specifically, Plaintiff seeks an amount over $100,000.00 but less than $200,000.00. *Id.*

14.    In determining the amount in controversy, the court may consider "policy limits ... penalties, statutory damages, and punitive damages." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds*, No. CIV.A.3:98-CV-1288-G, 1999 WL 151667, at *2-*3 (N.D. Tex. Mar. 10, 1999) (finding a sufficient amount in controversy in plaintiff's case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co., et al.*, 75 F.Supp.2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Ins. Exchange*, 844 F.Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought, and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

15.    Plaintiff's claims are centered on Nationwide's alleged failure to pay the proceeds of Plaintiff's policy for damages to Plaintiff's vehicle. Plaintiff, as stated in his Original Petition, seek damages for breach of contract, violations of the Texas Insurance Code, as well as pre-judgment interest, post-judgment interest, court costs, attorneys' fees and penalties, including statutory treble damages and exemplary damages.

16.    A court can determine that removal is proper from a plaintiff's pleadings if plaintiff's claims are those that are likely to exceed the jurisdictional amount. *See Allen v. R&H Oil & Gas., Co*, 63 F.3d 1326, 1335 (5th Cir. 1995); *De Aguilar v. Boeing Co.*, 11 F.3d 55, 57 (5th Cir. 1993). Only "expenses and costs" are excluded from the calculation of the matter in controversy. 28 U.S.C. § 1332(a). Attorney's fees are an element of the amount in controversy where their

recovery is authorized by a statute under which the plaintiff sues. *H&D Tire & Auto. Hardware,*

*Inc. v. Pitney Bowes, Inc.*, 227 F.3d 326, 330 (5th Cir. 2000), cert. denied, 534 U.S. 894 (2001).

17.     Plaintiff even specifically stated in his Amended Petition that he seeks monetary relief of

over $100,000 but less than $200,000.00. Exhibit "C". Therefore, the amount in controversy in

this case exceeds the jurisdictional requirements. *Id.*

D.  All Pleadings of State Court Action Attached As Exhibits

18.     Copies of all pleadings, process, orders, and other filings in the state court action are

attached to this notice as required by 28 U.S.C. § 1446(a). *See* Exhibit "D".

E.  Basis for Removal

19.     Because this is a civil action of which the District Courts of the United States have

original jurisdiction, this case may be removed by this Court pursuant to 28 U.S.C. § 1446(b).

Further, because Plaintiff is a citizen and resident of Texas, Defendant Nationwide is a citizen of

Ohio, and the citizenship of Defendants King and Silva should be disregarded for jurisdictional

purposes, and the amount in controversy exceeds $75,000, the Court has subject matter

jurisdiction based on diversity of citizenship and residency. 28 U.S.C. § 1132. As such, this

removal action is proper.

F.  Venue

20.     Venue is proper in this district under 28 U.S.C. §1441(a) because this district and

division embrace the place where the removed action has been pending.

G.  Filing of Notice with State Court

21.     Promptly after filing this Notice of Removal, Notice will give written notice of the

removal to Plaintiff through his attorney of record and to the clerk of the state court.

NOTICE OF REMOVAL                                                              Page 7

### H. Defendant's Demand for Jury Trial

22.     Defendants King and Silva demanded a jury trial in their original answer. Nationwide also asserts its rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

### PRAYER

23.     WHEREFORE, PREMISES CONSIDERED, Defendants Nationwide Mutual Insurance Company, David Hill King, and Lee Martin Silva request that this Court proceed with the handling of this cause as if it had been originally filed herein, that this Court make such orders, if any, and take such action, if any, as may be necessary in connection with the removal of the state court action to this Court, and that they have such other and further relief to which they may show themselves entitled.

Respectfully submitted,

**WALTERS, BALIDO & CRAIN, L.L.P.**

BY:     */s/ Randall G. Walters*
        RANDALL G. WALTERS - 20819480
        Meadow Park Tower
        10440 N. Central Expy, Suite 1500
        Dallas, Texas 75231
        214/347-8381 - FAX
        214/347-8380 - DIRECT
        214/749-4805 - MAIN
        Email: randy.walters@wbclawfirm.com
        **ATTORNEY FOR DEFENDANTS**

### CERTIFICATE OF SERVICE

This is to certify that on the 15th day of August, 2017, a true and correct copy of the above and foregoing was forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure.

*/s/ Randall G. Walters*
RANDALL G. WALTERS

# EXHIBIT A

JS 44 (Rev. 06/17) - TXND (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Jose Perez | David Hill King, Lee Martin Silva, Nationwide Mutual Insurance Company |

**(b)** County of Residence of First Listed Plaintiff   Dallas
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Dallas
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Mark S. Humphreys
Mark S. Humphreys, P.C.702 Dalworth Street Grand Prairie, Texas 75050

Attorneys *(If Known)*
Randall G. Walters
Walters Balido & Crain, LLP 10440 N. Central Expy, Suite 1500

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff

☐ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☒ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other<br><br>**LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated New Drug Application<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1  Original Proceeding

☒ 2  Removed from State Court

☐ 3  Remanded from Appellate Court

☐ 4  Reinstated or Reopened

☐ 5  Transferred from Another District *(specify)*

☐ 6  Multidistrict Litigation - Transfer

☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S. Code § 1332

Brief description of cause:
Bad-faith insurance dispute

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE  Ed Kinkeade

DOCKET NUMBER  3:16-cv-03502-k

DATE
08/15/2017

SIGNATURE OF ATTORNEY OF RECORD
/s/Randall G. Walters

FOR OFFICE USE ONLY

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE