# EXHIBIT B

FILED
DALLAS COUNTY
4/5/2017 2:02:46 PM
FELICIA PITRE
DISTRICT CLERK
Jesse Reyes

Cause No. DC-17-04017

| | | |
|---|---|---|
| Jose Perez | § | In the ____ Judicial |
| | § | |
| V. | § | District Court of |
| | § | |
| David Hill King and Lee Martin Silva | § | Dallas County, Texas |

**PLAINTIFF'S ORIGINAL PETITION**

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES **Jose Perez** (hereinafter called Plaintiff, complaining of and about **David Hill King and Lee Martin Silva,** hereinafter called Defendants, and for cause of action shows unto the Court the following:

**SERVICE**

1. Defendant **David Hill King** (KING) s an insurance agent, doing business in the State of Texas. Said Defendant cab be served at: 549 E. Sandy Lake Road, Suite 100, Coppell 75019.

2. Defendant **Lee Martin Silva** (SILVA) is an insurance agent, doing business in the State of Texas. Said Defendant can be served at: 549 E. Sandy Lake Road, Suite 100, Coppell 75019 **or** 217 S. Heartl Rd., Coppell, TX 75019.

**JURISDICTION**

3. The subject matter in controversy is within the jurisdictional limits of this court in that Plaintiff seeks recovery of over $100,000.00 but less than $200,000.00 and the parties are diverse.

**VENUE**

4. Pursuant to Texas Civil Practice & Remedies Code, §15.032, venue in Dallas County is proper in this cause in that it is where the insured resides.

**AGENCY AND VICARIOUS LIABILITY.**

5. Whenever in this Petition it is alleged that Defendant did any act or thing or omission, it is meant that Defendant, its officers, agents, employees, or representatives did such act or thing or omission and that at the time such act or thing was done, it was done with the full authorization or ratification of Defendant or was done in the normal and routine course and scope of employment of Defendant, its officers, agents, employees, or representatives.

6. Lee Martin Silva was the Nationwide Insurance Agent who explained and sold the relevant insurance policy to Plaintiff. Pursuant to the T.I.C. §4001.051, Lee Martin Silva is an agent of Nationwide Mutual Insurance Company. Defendant Silva worked for Defendant King.

**WRITTEN NOTICE GIVEN.**

7. Plaintiff has fully complied with all of the conditions precedent prior to bringing this suit.

8. Notice letter was issued September 19, 2016, and this lawsuit is being filed after the expiration of 60 days.

**FACTS**

9. Plaintiff bought a policy of insurance through Defendant Silva with Nationwide Mutual Insurance Company (Nationwide), policy number 7842D 352076.

10. The policy provides collision coverage for Plaintiff's 2016 Chevrolet Malibu.

11. The policy also provides Uninsured Motorist and Personal Injury Protect coverage.

12. The policy effective dates were May 13, 2016 - November 13, 2016.

13. Plaintiff at the request of Defendant Silva authorized automatic bank withdrawals for payments to be made on the policy and his payments were timely.

14. At the time of the purchase of the policy, Plaintiff also agreed at the suggestions of Defendant Silva that all notifications to Plaintiff regarding the policy would be sent by email.

15. On July 30, 2016, Plaintiff was struck by a hit and run driver, the result of which was that his Malibu was a total loss.

16. The hit-and-run driver was diving at a high rate of speed. The Uninsured Driver (UM Driver) swerved in and out of the traffic and ran into Plaintiff.

17. At the time of loss, the Malibu was worth $25,905.39.

18. After the loss the Malibu was worthless.

19. Plaintiff suffered a severe neck injury requiring a 3-day hospital stay and endured pain and suffering and physical impairment.

20. Plaintiff promptly notified Nationwide of the loss and Nationwide assigned Claim # 515355-GD to the claim.

21. On or about August 15, 2016, Plaintiff called Nationwide and was told his policy had been cancelled and there was no coverage on the date of the accident.

22. Nationwide says the cancellation notice was sent by regular mail.

23. Plaintiff did not receive any notice of the cancellation.

24. Plaintiff purchased the insurance from Nationwide in response to an advertisement received by Plaintiff from Nationwide.

25. Plaintiff called the 1-800 number provided in the advertisement on or about May 13, 2016.

26. Nationwide then connected Plaintiff to Nationwide's agent, Defendant Silva, who discussed insurance options with Plaintiff on or about May 13, 2016.

27. Defendant Silva asked Plaintiff whether or not Plaintiff had prior insurance coverage, which Plaintiff acknowledge by replying "yes" on or about May 13, 2016.

28. Defendant Silva did not ask when the last time was that Plaintiff had coverage.

29. It was later determined that the prior coverage was months before the purchase of the Nationwide coverage.

30. When Nationwide discovered the prior insurance was not as current as they wished, Nationwide, according to them, sent Plaintiff a cancellation notice by mail to his physical address.

31. At the time of the purchase of the policy at issue, Silva offered Plaintiff the option of receiving "all" notifications from Nationwide by way of email and offered Plaintiff the option of premium payments being made by Plaintiff by way of automatic bank withdrawals. This occurred on or about May 13, 2016.

32. Relying on Defendant Silva's representation that Nationwide would perform all communications with Plaintiff by way of email, Plaintiff agreed to have premium payments made by way of automatic bank withdrawals and agreed to have "all" notifications from Nationwide by way of email. This occurred on or about May 13, 2016.

33. Plaintiff preferred communications by email because he lived at a residence with lots of other people.

34. Further, Plaintiff was working and going to school and was seldom at the residence.

35. Plaintiff later learned, after this lawsuit was filed, that the policy itself stated cancellation notifications would be sent regular mail, which is contrary to what Defendant Silva told Plaintiff.

36. Immediately after purchasing the insurance policy from Nationwide / Defendant Silva, Defendant Silva told Plaintiff that a packet was being sent to Plaintiff and specifically told Plaintiff that the packet would be the last communication with Plaintiff by way of regular mail and that all future correspondence / communications would be by email. This occurred on or about May 13, 14, 15, or 16, 2016.

37. Had Nationwide informed Plaintiff by email that his policy was being cancelled due to a misunderstanding about the last date Plaintiff had owned insurance, Plaintiff would have been able to take corrective action to make sure he had coverage with Nationwide or another insurer.

38. Attached and incorporated herein is Exhibit 1, titled "Declarations Page" of the policy at issue.

**VIOLATIONS OF THE TEXAS INSURANCE CODE**

39. Plaintiff incorporates herein all the facts as set forth above.

40. Defendants' conduct in this matter appears to be in violation of numerous laws, including but not limited to Texas Insurance Code (TIC), as follows:

a. TIC §541.061(1): Defendant Silva made an untrue statement of material fact when it told Plaintiff that all communications with Plaintiff would be by way of email.

**TEXAS DECEPTIVE TRADE PRACTICES ACT (DTPA)**

41. Plaintiff incorporates herein all the facts as set forth above.

42. Defendant's conduct in this matter appears to be in violation of numerous laws, including but not limited to Texas Deceptive Trade Practices Act (DTPA), as follows:

a) DTPA, §17.46(5): Nationwide through it's agent represented it's goods or services have characteristics, uses, and benefits, which it does not have in that agent Silva represented to Plaintiff that all communications regarding Plaintiff's policy would be by way of email communications when that was not the case.

**CLAIM OF NEGLIGENCE AGAINST UM DRIVER**

43. Plaintiff incorporates the preceding paragraphs entitled FACTS as if fully set forth herein.

44. UM DRIVER had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein. Plaintiff's injuries/death were proximately caused by UM DRIVER's negligent, careless and reckless disregard of said duty. The negligent, careless and reckless disregard of duty of UM DRIVER consisted of, but is not limited to, the following acts and omissions:

a) In that UM DRIVER failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

b) In that UM DRIVER was operating his motor vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances;

c) In that UM DRIVER failed to properly maneuver his vehicle in an effort to avoid the collision in question;

d) In that UM DRIVER failed to timely apply brakes in order to avoid the collision;

e) In that UM DRIVER exercised faulty evasive action;

f) In that UM DRIVER failed to use caution;

45. Each of these acts and omissions, singularly and/or in combination with others, constituted negligence by UM DRIVER, which proximately caused the occurrence made the basis of this action.

**DAMAGES.**

46. As a direct and proximate result of the occurrence, which brought upon the basis of this lawsuit, Plaintiff was caused to suffer severe injuries, endure anxiety, pain, and illness resulting in damages more fully set forth below.

47. Further and as a result of Defendant's acts as described herein Plaintiff sustained the following economic and actual damages as a result of the actions and/or omissions of Defendant described herein:

a) Policy benefits less the $500 deductible for property damage

b) Exemplary damages due to the knowing and intentional conduct on Defendant's part for the property damage loss.

c) Physical Injuries: under the Uninsured Motorist Coverage
   1) Past medical bills
   2) Pain and suffering
   3) Impairment

d) mental anguish damages resulting from your conduct.

e) Penalty @ 18% from August 15, 2016, on actual property damages until paid.

**DISCOVERY – REQUEST FOR DISCLOSURE TO DEFENDANT:**

48. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, **Defendant David Hill King and Lee Martin Silva** are each requested to disclose, within fifty (50) days of service of this request, the information or material as set forth in R.194.2(a) through R.194.2(l). A response to a request under Rule 194.2(f) is due according to Rule 195.2 of the Texas Rules of Civil Procedure.

49. The disclosures must be signed in accordance with Texas Rules of Civil Procedure, Rule 191.3, and delivered to the undersigned attorney. If a Defendant fails to comply with the requirements above, the Court may order sanctions against such Defendant in accordance with the Texas Rules of Civil Procedure.

**USE OF DOCUMENTS:**

50. Pursuant to Rule §193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives notice to the Defendants that Plaintiff intends to use all documents exchanged and produced between the parties (including, but not limited to, correspondence, pleadings, records, and discovery responses) during the trial of this matter.

**ATTORNEY'S FEES.**

51. Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by: (a) §541.152(a)(1), of the Texas Insurance Code; (b) §542.060 of the Texas Insurance Code, (c) Chapter 38 of the Texas Civil Practice and Remedies Code; and, (d) common law.

**PRE-JUDGMENT INTEREST.**

52. As a result of the injuries sustained by Plaintiff as aforesaid and in addition to such damages, Plaintiff will show that he is entitled to pre-judgment interest on each separate element of damages as awarded by the jury during the trial of this case, from and after the date of accrual of such damages, through the date of judgment, such interest to accrue at the highest prevailing rate then applicable on the date of judgment.

**POST JUDGMENT INTEREST.**

53. As a result of the injuries sustained by Plaintiff and in addition to such damages, Plaintiff will show that he is entitled to post-judgment interest on damages awarded by the jury during the trial of this case, from and after the date of judgment, such interest to accrue at the highest prevailing rate then applicable until paid in full.

**COSTS OF SUIT.**

54. In addition, Plaintiff seeks all related costs of suit in this cause of action through the trial, post-trial, appeal, and/or post-judgment discovery, etc. of this matter.

55. Wherefore, Plaintiff seeks reimbursement of court costs incurred in the trial of this case and thereafter.

**REQUEST FOR JURY TRIAL.**

56. Plaintiff respectfully requests that a Jury be impaneled on final hearing of this cause of action.

**PRAYER.**

57. **WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for and such other and further relief to which the Plaintiff may be entitled at law or in equity, whether pled or unpled.

SIGNED on April 5, 2017.

Respectfully submitted,

/s/ Mark S. Humphreys

Mark S. Humphreys - SBOT #00789762
MARK S. HUMPHREYS, P.C.
702 Dalworth Street, Grand Prairie, Texas 75050
Tel. (972) 263-3722 * Fax. (972) 237-1690
Email: texaslaw94@yahoo.com
**Attorney For Plaintiff**