# EXHIBIT D

FILED
DALLAS COUNTY
4/19/2017 9:55:19 AM
FELICIA PITRE
DISTRICT CLERK

Case 3:17-cv-02148-B Document 1-4 Filed 08/15/17 Page 2 of 19 PageID 28

CAUSE NO. DC-1704017

| | | |
|---|---|---|
| JOSE PEREZ | § | IN THE DISTRICT COURT |
|     Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | 134TH JUDICIAL DISTRICT |
| | § | |
| DAVID HILL KING AND | § | |
| LEE MARTIN SILVA | § | |
|     Defendant. | § | OF DALLAS COUNTY, TEXAS |

### DEFENDANTS', DAVID HILL KING AND LEE MARTIN SILVA'S ORIGINAL ANSWER AND REQUESTS FOR DISCLOSURES

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, **DAVID HILL KING** and **LEE MARTIN SILVA**, Defendants in the above styled and numbered cause and files this Original Answer and Requests for Disclosures and would respectfully show unto the Court as follows:

I.

Defendants hereby exercise their right to require Plaintiff to prove his allegations by a preponderance of the credible evidence and, pursuant to Rule 92 of the Texas Rules of Civil Procedure, enter a general denial.

II.

Defendants would further assert, by way of affirmative defense, Plaintiff's claims are barred in whole or in part by the comparative negligence of Plaintiff; the damages sought by Plaintiff were the result of negligent or willful conduct by Plaintiff which was the proximate, producing or sole cause of all damages.

III.

Defendant further pleads Plaintiff's claim for prejudgment interest, if recoverable, is limited by the dates and amounts set forth by statute, including but not limited to TEX. FIN. CODE ANN. Section 304.103, 304.104 and 304.108 (Vernon 1998) and Tex. Civ. Prac. & Rem. Code Section 41.007.

IV.

Defendants plead as an affirmative defense, pursuant to Tex. R. Civ. P. 94, the limitation of its liability as stated in the "Limit of Liability" clause contained in the policy sued on. Defendants' liability is limited to the amount of uninsured/underinsured motorist coverage purchased by the insured, to the extent any exists, which Defendants deny, and reduced by any applicable reduction clauses or pro rata clauses contained in said policy, including any offsets or credits Defendant may be entitled.

V.

Defendants would further assert, by way of affirmative defense, Plaintiff's claims are barred in whole or in part by the Plaintiff's violation of his duty under Texas law to read an insurance policy and the doctrine that an insured is charged with the knowledge of its contents. Any claim which is based upon a misrepresentation, inducement, or reliance on a representation is barred as a matter of law because Plaintiff is charged with the knowledge of the contents of all relevant policies at issue.

VI.

Defendants would further assert, by way of affirmative defense, Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands by the Plaintiff both in failing to

properly identify the coverage sought and in his wrongful conduct in the claims for which insurance coverage is sought.

## VII.

Defendants would further plead there is no coverage under the policy to the extent that any material misrepresentation or omission was made by Plaintiff in obtaining such policy.

## VIII.

Any coverage for the claim to which Plaintiff's Original Petition refers may be barred, in whole or in part, by the provisions, terms, exclusions, conditions and limitations applicable to the policy at issue. Plaintiff bears the burden of proof that the insurance he claims to have sought would have provided coverage for the claims asserted; however, in the alternative, and without assuming the burden of proof, Defendants assert that Plaintiff's claims are barred in whole because the claims for which he seeks coverage are not covered claims under the terms of policy he asserts should have been procured and further more are subject to specific exclusions under the Policy and Plaintiff's written rejection(s) of coverage.

## IX.

Defendant would assert that the Court should instruct the jury as to whether any recoveries sought by the Plaintiff are subject to federal or state income taxes.

## X.

Defendants are entitled to a credit or offset for any amounts paid to Plaintiffs; defendants reserve the right under Texas law to make a dollar for dollar credit or a percentage based reduction.

XI.

Defendants further plead Plaintiff has failed to fulfill the conditions precedent for bringing suit against Defendants under Texas law.

XII.

Further answering, and in the alternative, Defendants plead the limitation of recovery of exemplary damages as set forth in Section 41.006, et. seq., and Section 41,007, et. seq. of the Texas Civil Practice and Remedies Code.

XIII.

Defendants assert all terms, conditions, provisions, limitations, requirements, and exclusions of the policy. No reference to specific terms, conditions, provisions, limitations, requirements, and exclusions of the policy in this pleading shall be interpreted to limit the generality of the foregoing or of the general provisions referenced in subsequent paragraphs. To the extent the policy provides additional rights, remedies, or options available to Defendant that are not pleaded in this answer, Defendants do not waive its right to invoke such provisions either contractually or by further pleading.

XIV.

Further answering, Defendants specifically deny Plaintiff's claim alleging bad faith, violations of the Texas Insurance Code and/or Deceptive Trade Practices Act against Defendants.

XV.

Defendants reserve the right to raise additional affirmative defenses and to supplement those asserted herein upon discovery of further information regarding Plaintiff's claims and upon further investigation.

## XVI.
### NOTICE OF DOCUMENTS TO BE USED AT TRIAL

Pursuant to TEX. R. CIV. P. 193.7, Defendants hereby notify Plaintiff of Defendants' intent to use all documents exchanged and produced between the parties including, but not limited to, correspondence, discovery responses, and deposition testimony and exhibits during the trial of this matter and in any motions for summary judgment.

## XVII.
### REQUEST FOR DISCLOSURE

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff is requested to disclose, within thirty (30) days of service of this request, the information or material described in Rule 194.2. Plaintiff is also hereby requested to amend or supplement his Responses to these Requests for Disclosure in accordance with Texas Rules of Civil Procedure 193.5.

## XVIII.
### DEMAND FOR JURY

Defendants would show that they request this case be transferred to the Court's active jury docket. A jury fee is being paid with the filing of Defendants' Original Answer.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that upon final trial and hearing hereof, that no recovery be had from Defendants, but that Defendants go hence without day and recover their costs, and for such other and further relief to which Defendants may be justly entitled and will ever pray.

Respectfully submitted,

**WALTERS, BALIDO & CRAIN, L.L.P.**

BY: */s/: Randall G. Walters*
RANDALL G. WALTERS - 20819480
randy.walters@wbclawfirm.com
**Service of Documents:**
WaltersEDocsNotifications@wbclawfirm.com
Meadow Park Tower, 15th Floor
10440 North Central Expressway
Dallas, Texas 75231
214/347-8381 - FAX
214/347-8380 - DIRECT
214/749-4805 - MAIN

## CERTIFICATE OF SERVICE

This is to certify that on this the 19th day of April 2017, a true and correct copy of the above document has been forwarded to all counsel of record.

*/s/: Randall G. Walters*
RANDALL G. WALTERS

Case 3:17-cv-02148-B   Document 1-4   Filed 08/15/17   Page 8 of 19   PageID 34

FILED
DALLAS COUNTY
8/4/2017 2:34 PM
FELICIA PITRE
DISTRICT CLERK

CAUSE NO. DC-1704017

| | | |
|---|---|---|
| JOSE PEREZ <br> Plaintiff, | § § § | IN THE DISTRICT COURT |
| VS. | § § § | 134TH JUDICIAL DISTRICT |
| DAVID HILL KING AND LEE MARTIN SILVA and NATIONWIDE MUTUAL INSURANCE COMPANY <br> Defendant. | § § § § § § | OF DALLAS COUNTY, TEXAS |

## DEFENDANT NATIONWIDE MUTUAL INSURANCE COMPANY'S ORIGINAL ANSWER TO PLAINTIFF'S FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW, NATIONWIDE MUTUAL INSURANCE COMPANY, Defendant in the above styled and numbered cause, and file this, its Original Answer to the Plaintiffs' First Amended Original Petition, and in support thereof, would respectfully represent and show unto the Court the following:

### I.
### GENERAL DENIAL

1.   Subject to and expressly without waiving any conditions, terms, or policy defenses, Defendant asserts a general denial to the material allegations contained in Plaintiffs' Original Petition or latest amended Petition as is authorized by Rule 92 of the Texas Rules of Civil Procedure, and demands Plaintiffs be required to prove Plaintiff's charges and allegations against Defendant by a preponderance of the evidence as is required by the Constitution and laws of the State of Texas, as well as substantive and procedural laws of the United States, or otherwise, as may be appropriate.

---

DEFENDANT NATIONWIDE GENERAL INSURANCE COMPANY'S
ORIGINAL ANSWER                                                                                     PAGE 1

## II.
## SPECIFIC DENIALS

2. Defendant specifically denies that it engaged in violations of the Texas Insurance Code or the Texas Deceptive Trade Practices Act, and further denies that it is liable for damages under those statutes or that it is liable for exemplary damages.

## III.
## AFFIRMATIVE DEFENSES

3. Further answering, Defendant asserts with respect to Plaintiff's claim or any potential claim for punitive damages, any award of punitive damages must be limited to the greater of: (1) two times the amount of economic damages plus an amount equal to any non-economic damages found by the jury, not to exceed $750,000; or (2) two times the amount of economic damages plus $200,000, pursuant to the statutory mandates of Texas Civil Practice & Remedies Code §41.002-41.009, including the increased burden of proof.

4. Further answering, under Texas law an insured has a duty to read an insurance policy and is charged with knowledge of its contents. Defendant asserts that any claim which is based upon a misrepresentation, inducement, or reliance on a representation fails as a matter of law, since Plaintiff is charged with knowledge of the contents of all relevant policies at issue.

5. Further answering, Defendant asserts there is no ambiguity in the contract as there is only one reasonable interpretation. *Am. Mfrs. Mut. Ins. Co. v. Schaefer*, 124 S.W.3d 154, 157 (Tex. 2003).

6. Further answering, Defendant asserts Plaintiff's damages, if any, are limited by the amount set forth in the Policy limitations provisions of the applicable Policy.

7. Defendant would further plead there is no coverage under the policy to the extent that any material misrepresentation or omission was made by an insured in obtaining such policy.

8. Defendant asserts all terms, conditions, provisions, limitations, requirements, and exclusions of the policy. No reference to specific terms, conditions, provisions, limitations, requirements, and exclusions of the policy in this pleading shall be interpreted to limit the generality of the foregoing or of the general provisions referenced in subsequent paragraphs. To the extent the policy provides additional rights, remedies, or options available to Defendant that are not pleaded in this answer, Defendant does not waive its right to invoke such provisions either contractually or by further pleading.

9. Defendant further alleges Plaintiff's claim for pre-judgment interest is limited by the dates and amounts set forth in the following:

- Art. 5069-1.05 § 6, Tex. R. Civ. Stat;
- Chapter 304, Tex. Fin. Code; and
- Chapter 41, Tex. Civ. Prac. & Rem. Code

10. By way of further answer, Defendant made no material misrepresentation to Plaintiff and no false representation to Plaintiff. Accordingly, Plaintiff's cause of action for misrepresentation must necessarily fail. Further answering, Defendant is not liable in whole or in part to Plaintiff for any damages Plaintiff may have suffered, which Defendant denies, because Defendant's actions or inactions were not a producing or proximate cause of damages, injury or loss suffered by Plaintiff.

11. Defendant would assert that the Court should instruct the jury as to whether any recovery sought by the Plaintiff is subject to federal or state income taxes.

12. Further answering, Defendant denies Plaintiff's claim alleging bad faith against Defendant, as a *bona fide* controversy existed and continues to exist concerning the allegedly covered loss and Plaintiff's entitlement to insurance benefits under the Policy. The duty of good faith and fair dealing is not breached by the existence of a *bona fide* controversy.

13. Further answering, Defendant asserts Texas does not recognize a cause of action against an insurer or for common law negligence, common law fraud, misrepresentation or nondisclosure as breach of the duty of good faith and fair dealing is the only common law cause of action against an insurer. *Universe Life Ins. Co. v. Giles,* 881 S.W.2d 44, 53 n. 6 (Tex.App.-Texarkana 1994), aff'd in part, rev'd in part, 950 S.W.2d 48 (Tex.1997).

14. Defendant would further show the underlying claims are not covered under the policy to the extent such claims do not seek damages within the meaning of such policy.

15. Any coverage for the underlying claims to which Plaintiff's current Petition refers may be barred, in whole or in part, by the provisions, terms, exclusions, conditions and limitations applicable to the alleged policy.

16. Defendant reserves the right to raise additional affirmative defenses and to supplement those asserted herein upon discovery of further information regarding Plaintiff's claims and upon further investigation as to the provisions, terms and conditions of the policy.

17. Defendant would further show that Plaintiff's claims against Nationwide have been previously asserted and are currently pending in Cause No. 3:16-cv-03502-K in the United States District Court for the Northern District of Texas – Dallas Division styled *Jose Perez v. Nationwide Mutual Insurance Company.*

18. To the extent that this Court determines that Nationwide is a proper party to the present case, Nationwide would further show that Defendants David Hill King and Lee Martin Silva have been fraudulently joined to the suit for the sole purpose of defeating diversity of citizenship jurisdiction, and the present case should be removed to federal court for consolidation with Cause No. 3:16-cv-03502-K.

## IV.
### NOTICE OF DOCUMENTS TO BE USED AT TRIAL

19. Pursuant to TEX. R. CIV. P. 193.7, Defendant hereby notifies Plaintiff of Defendant's intent to use all documents exchanged and produced between the parties including, but not limited to, correspondence, discovery responses, and deposition testimony and exhibits during the trial of this matter and in any motions for summary judgment.

## V.
### REQUEST FOR DISCLOSURE

20. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff is requested to disclose, within thirty (30) days of service of this request, the information or material described in Rule 194.2. Plaintiff is also hereby requested to amend or supplement his Responses to these Requests for Disclosure in accordance with Texas Rules of Civil Procedure 193.5.

## VI.
### DEMAND FOR JURY

21. Defendant would show that it requests this case be transferred to the Court's active jury docket. A jury fee is being paid with the filing of Defendant's Original Answer.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that upon final trial and hearing hereof, that no recovery be had from Defendants, but that Defendant goes hence without

day and recover their costs, and for such other and further relief to which Defendant may be justly entitled and will ever pray.

Respectfully submitted,

**WALTERS, BALIDO & CRAIN, L.L.P.**

BY: _____
RANDALL G. WALTERS – 20819480
randy.walters@wbclawfirm.com
Service of Documents:
WaltersEDocsNotifications@wbclawfirm.com
Meadow Park Tower, Suite 1500
10440 North Central Expressway
Dallas, Texas 75231
214/347-8381 – FAX
214/347-8380 – DIRECT
214/749-4805 – MAIN

## CERTIFICATE OF SERVICE

This is to certify that on this ____ day of August, 2017, a copy of the above and foregoing was served on all counsel of record in accordance with the Texas Rules of Civil Procedure.

_____
RANDALL G. WALTERS

## FORM NO. 353-3 - CITATION
## THE STATE OF TEXAS

To: DAVID HILL KING
549 E SANDY LAKE RD SUITE 100
COPPELL TX 75019

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **134th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **JOSE PEREZ**

Filed in said Court **5th day of April, 2017** against

**DAVID HILL KING AND LEE MARTIN SILVA**

For Suit, said suit being numbered **DC-17-04017,** the nature of which demand is as follows:
Suit on **CNTR CNSMR COM DEBT** etc. as shown on said petition **REQUEST FOR DISCLOSURE**, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 10th day of April, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By /s/ Gay Lane , Deputy
GAY LANE



---

**ESERVE**

CITATION

DC-17-04017

**JOSE PEREZ**
vs.
**DAVID HILL KING, et al**

ISSUED THIS
**10th day of April, 2017**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: GAY LANE, Deputy

**Attorney for Plaintiff**
MARK HUMPHREYS
MARK S HUMPHREYS PC
702 DALWORTH STREET
GRAND PRAIRIE TX 75050
972-263-3722

**DALLAS COUNTY
SERVICE FEES
NOT PAID**

# OFFICER'S RETURN

Case No. : DC-17-04017

Court No.134th District Court

Style: JOSE PEREZ

vs.

DAVID KING, et al

Came to hand on the _____ day of _____, 20 _____, at _____ o'clock _____ .M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____ day of _____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:  To certify which witness my hand.

|  | For serving Citation | $_____ |  |
|---|---|---|---|
|  | For mileage | $_____ | of_____County, _____ |
|  | For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

Notary Public_____County_____

## FORM NO. 353-3 - CITATION
## THE STATE OF TEXAS

To: LEE MARTIN SILVA
549 E SANDY LAKE RD SUITE 100
COPPELL TX 75019

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **134th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **JOSE PEREZ**

Filed in said Court **5th day of April, 2017** against

**DAVID HILL KING AND LEE MARTIN SILVA**

For Suit, said suit being numbered **DC-17-04017**, the nature of which demand is as follows:
Suit on **CNTR CNSMR COM DEBT** etc. as shown on said petition **REQUEST FOR DISCLOSURE**, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 10th day of April, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By /s/ Gay Lane _____, Deputy
GAY LANE



---

**ESERVE**

CITATION

DC-17-04017

JOSE PEREZ
vs.
DAVID HILL KING, et al

ISSUED THIS
10th day of April, 2017

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: GAY LANE, Deputy

Attorney for Plaintiff
MARK HUMPHREYS
MARK S HUMPHREYS PC
702 DALWORTH STREET
GRAND PRAIRIE TX 75050
972-263-3722

**DALLAS COUNTY
SERVICE FEES
NOT PAID**

# OFFICER'S RETURN

Case No. : DC-17-04017

Court No.134th District Court

Style: JOSE PEREZ

vs.

DAVID KING, et al

Came to hand on the _____ day of _____, 20_____, at _____ o'clock _____ .M. Executed at _____, within the County of _____ at _____ o'clock _____ .M. on the _____ day of _____, 20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:  To certify which witness my hand.

|  |  |  |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County, _____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

Notary Public_____County_____

## FORM NO. 353-3 - CITATION
## THE STATE OF TEXAS

To:
    NATIONWIDE MUTUAL INSURANCE COMPANY
    REGISTERED AGENT CORPORATION SERVICE COMPANY
    211 E 7TH STREET SUITE 620
    AUSTIN TX  78701

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and **FIRST AMENDED** petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **134th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **JOSE PEREZ**

Filed in said Court **26th day of July, 2017** against

**NATIONWIDE MUTUAL INSURANCE COMPANY**

For Suit, said suit being numbered **DC-17-04017**, the nature of which demand is as follows:
Suit on **CNTR CNSMR COM DEBT** etc. as shown on said petition **REQUEST FOR DISCLOSURE**, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 2nd day of August, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By      /s/ Kerry Kallie     , Deputy
    KERRY KALLIE

---

**ESERVE**

CITATION

DC-17-04017

**JOSE PEREZ**
vs.
**DAVID HILL KING, et al**

ISSUED THIS
**2nd day of August, 2017**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: KERRY KALLIE, Deputy

**Attorney for Plaintiff**
MARK HUMPHREYS
TEXASLAW94@YAHOO.COM
MARK S HUMPHREYS PC
702 DALWORTH STREET
GRAND PRAIRIE TX  75050
972-263-3722

**DALLAS COUNTY
SERVICE FEES
NOT PAID**

# OFFICER'S RETURN

Case No. : DC-17-04017

Court No.134th District Court

Style: JOSE PEREZ

vs.

DAVID HILL KING, et al

Came to hand on the _____ day of _____, 20_____, at _____ o'clock _____ .M. Executed at _____,
within the County of _____ at _____ o'clock _____ .M. on the _____ day of _____,
20_____, by delivering to the within named
_____
_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:   To certify which witness my hand.

|                       |    |                          |
|-----------------------|----|--------------------------|
| For serving Citation  | $_____ | _____ |
| For mileage           | $_____ | of_____County, _____ |
| For Notary            | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____ before me this _____ day of _____, 20_____,
to certify which witness my hand and seal of office.

_____
Notary Public_____County_____